GALLETLEY, RECEIVER, v. STRICKLAND.

1. B. & L. ASSNS.—Failure of a foreign Building and Loan Assn. to *comply with the requirements of secs. 1780 and 1781, of Code of 1902,* as to filing certain papers in office of Secretary of State, does not render a loan contract made in this State void, before conviction under statute.

2. IBID.—CONTRACTS.—PRESUMPTION that a foreign B. & L. contract is solvable under the laws of the State in which it is made payable, may be rebutted by other evidence. Facts here that under the by-laws

of the foreign association a local branch was organized in this State, which was the representative of the association, passed on securities, collected dues and interest, received applications for loans, approved same, and to whose treasurer the dues and interest were paid in this case as the representative of the association, *held* to rebut the presumption that the bond and mortgage sued on were a Virginia contract because payable in city of Richmond and loan paid by check on Richmond.

Before FRANK B. GARY, special Judge, Anderson, March, 1905. Reversed.

Action by George Galletley, receiver of the Commercial Building and Loan Association, against A. C. Strickland. From Circuit decree, defendant appeals.

*Messrs. Quattlebaum & Cochran,* for appellant, cite: *Is this a S. C. or a Va. contract?* 31 S. C., 125; 19 S. C., 589; 55 S. C., 123; 58 S. C., 551; 15 S. E. R., 812; 54 S. C., 594; 58 S. C., 85; 56 S. C., 295; 67 S. C., 270; 55 S. C., 119; 54 L. R. A., 537; 57 L. R. A., 802; 55 L. R. A., 933. *If a S. C. contract, it is usurious:* 12 Rich. Eq., 124; 15 S. C., 463; 55 S. C., 106; 63 S. C., 537. *And what is basis of settlements?* 65 S. C., 453; 63 S. C., 538; 65 S. C., 406; 44 S. C., 121; 55 S. C., 117; 12 Rich. Eq., 124; 62 S. C., 178; 27 S. E., 274; 62 S. C., 165; 29 S. E. R., 741; 54 L. R. A., 544; 7 Thomp. on Corp., sec. 8797. *Failure to comply with statutory provisions as to foreign building and loan associations renders this contract void:* 20 S. C., 430.

*Messrs. Willcox & Willcox* and *George Galletley,* contra, cite: *Is contract to be construed by laws of S. C. or of Va.?* 68 S. C., 236; 19 S. C., 583. *Is contract usurious under laws of Va.?* 129 U. S., 397; 12 Rich. Eq., 124.

May 25, 1906. The opinion of the Court was delivered by

MR. JUSTICE JONES. The plaintiff, as receiver of the Commercial Building and Loan Association, an insolvent

Virginia corporation, brought this action to foreclose a real estate mortgage executed by defendant to said association. The action resutled in a decree by special Judge Frank B. Gary adjudging foreclosure for an amount to be ascertained by a reference to be governed by the principles announced in said decree. The defendant appeals upon numerous exceptions.

We notice, first, the question presented by the seventeenth exception, whether the failure of said foreign association to comply with the statutes in reference to foreign corporations doing business in this State rendered the contract in question null and void. It is conceded that the Commercial Building and Loan Association was incorporated under the laws of Virginia and did business in this State, but failed to file with the Secretary of State a writen stipulation or declaration designating some place within the State as the principal place of business or location of said corporation in this State, failed to file, also, in the office of the Secretary of State a copy of its charter and by-laws, and also any sworn statement by an officer of the corporation showing the residence of the corporation, the amount of the capital stock, and the names and residences of the president and secretary and board of directors, as required by sections 1780 and 1781 of the Civil Code. Section 1783 provides as a punishment for failure to file any such papers a liability to indictment, and upon conviction to a fine not exceeding five hundred dollars, and prohibition from further carrying on business in this State until such fine is paid and the statute complied with. Such was the law in force on September 25, 1895, when the contract in question was made. We agree with the Circuit Court that the statutes in force at the time of the making of this contratc do not nullify contracts with a foreign corporation before conviction. This case does not require us to consider the effect of the act of 1897, 22 Stat., 484, embraced in sections 1784, *et seq.,* Civil Code.

The first, second and third exceptions raise the controll-

ing question in the case, viz: whether the contract in question was made with reference to the laws of Virginia or South Carolina. The Circuit Court held that the contract was a Virginia contract and to be construed under the laws of Virginia, and, therefore, was not usurious, relying upon *Association* v. *Rice,* 68 S. C., 238, and *Association* v. *Powell,* 55 S. C., 320.

The defendant became a stockholder of the Commercial Building and Loan Association on June 25, 1895, holding fifteen shares of the par value of $100 each. On September 25, 1895, having paid three monthly instalments as stock dues, etc., he made application to the association for a loan of $1,250, which was granted, and thereupon defendant executed his bond and mortgage securing the same. At the time of the execution of the bond and mortgage defendant resided at Anderson, S. C., the papers were signed at Anderson, S. C., and delivered there to an agent of the association and by him were forwarded to the office of the association at Richmond, Va. The mortgage was upon real property in the State. The loan was paid to defendant by check of the treasurer of the association, drawn at Richmond, Va., on a Richmond bank, which check was delivered to defendant at Anderson, S. C. The application for the loan was addressed to the Board of Directors, Home Office, Richmond, Va., was approved by the appraisers of the local board at Anderson, S. C. The certificate of stock held by defendant and assigned to the association as additional security for the loan contains this recital: "This certificate is issued to and accepted by the holder upon the conditions named on the back thereof and the by-laws of the association," and among those conditions is the following: "All moneys due from stockholders to the association or due from association to stockholders shall be due and payable at the home office, Richmond, Va." The bond was drawn payable to said association or its assigns, at Richmond, Va., and was conditioned for the payment of $21.50 monthly until the said stock shall mature and be fully paid up. This

monthly instalment consisted of stock dues, $9, interest on $1,250, at six per cent., $6.25; premiums on advance, $6.25. The bond was conditioned that defendant should pay "in the manner prescribed by charter and by-laws of the association," the mortgage contained a similar provision. The charter of the association contains this provision: "The principal office of the company shall be in Richmond, Va., but the company may establish branch offices elsewhere in the State of Virginia and other States and Territories of the United States, where they may be suitable and convenient for the conduct of the business. The chief business to be transacted is that of the building and loan association." The by-laws contained the following provisions:

"Article X., Section 1. Whenever sufficient stock has been sold in any town to make it advisable, the stockholders in such town may organize a local board or branch of the association. The loan organization shall consist of a president, treasurer, secretary, attorney and board of not less than five directors. These officers shall hold office until their successors are elected. * * * Sec. 3. It shall be the duty of the officers of the local board to pass on all applications for loans which are received by the association from stockholders residing in the town where such local board is located, and to protect the interest of the association in all practicable ways. Sec. 4. Stockholders may, if they desire, make monthly payments on stock to their local treasurers."

Under these by-laws there was a local organization at Anderson, S. C., through which the application for the loan was made. The defendant made the required monthly payments to the local treasurer up to February, 1900, and before another instalment was due, the association, in March, 1900, went into the hands of the plaintiff receiver, appointed by the Courts of this State. No payments were made to the office at Richmond, Va. A circular of the association introduced in evidence contained these statements concerning local branches:

"The stockholders in any town may elect a Board of

Directors, who will act as the representatives of the association, and conduct its affairs at that point. They may pass upon all loans and appraise the value of securities and manage the details of their business. Each branch is guaranteed the refusal of all money paid by them, and their share of all home office funds in addition. If no loans are wanted, other branches wanting money will receive it. In this way the money is always promptly invested and goes where it is wanted.

"The secretaries of local branches are authorized to act as local agents, and it is their duty and the duty of all officers of the branches to increase the membership whenever possible.

"The only vulnerable points in local associations are that all rapidly growing communities wish to borrow more money than the association can supply, while at the same time another community that is not growing may have an association composed mostly of investors and consequently have a large accumulation of funds that cannot be loaned. To obviate this difficulty, the Commercial Building and Loan Association has many towns or branches under one management, and by this arrangement the towns wanting loans can have access to the surplus funds of non-borrowing towns."

From these facts the Circuit Court found that the parties contracted with reference to the laws of Virginia, but we are of opinion that this conclusion is against the preponderance of the evidence. The fact that the bond states that payment was to be made at Richmond, Va., is not conclusive evidence that the contract was solvable under the laws of Virginia. The presumption arising from this fact may be rebutted by other evidence—*Thornton* v. *Dean,* 19 S. C., 588. The terms of the contract also require payment in the manner provided in the by-laws which authorize payment to be made to the local treasurer. The turning point lies in the relation of the local treasurer or board of directors to the association. If the local officer authorized to receive

payment is merely the agent of the borrower to transmit to the association at its home office, then payments to such agents of the borrower could not operate to remove the inference that payments were to be made at the home office —*Association* v. *Rice*, 68 S. C., 238; *Association* v. *Powell*, 55 S. C., 320; but if the local treasurer is the agent or representative of the association and is authorized under the contract and by-laws to receive payment as such, then it would seem that the parties contemplated a contract to the effect that payment was to be made at Richmond, Va., or to the local branch at Anderson, S. C., in which case we have a contract to be performed in South Carolina, and one clearly distinguishable from the contract, in *Association* v. *Rice*, wherein it was specifically provided that the local treasurer should be the agent of the member and not the association. Since the inference that the contract was to be performed only at Richmond, Va., because of that stipulation in the bond, is thus neutralized by the other stipulations requiring payment to the local treasurer at Anderson, the other circumstances have strong bearing in determining that the parties contemplated performance according to the laws of South Carolina. As the contract was executed in this State and is solvable in this State, it should be construed under the laws of this State.

Treating the contract as a South Carolina contract, it is clearly usurious, under numerous cases decided by this Court.

This renders it necessary to reverse the decree of the Circuit Court and remand the cause, in order that the Court may adjust the rights and liabilities of the parties thereto, under the issues raised, in accordance with the principles governing when an insolvent building and loan association is seeking to enforce a contract which is usurious, and such is the judgment of this Court.